Patrick M. Flatley
United States Bankruptcy Judge

Dated: Monday, March 31, 2014 1:30:22 PM

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GOLDEN INVESTMENT | ) | |
| ACQUISITIONS, LLC., | ) | Case No. 07-bk-00746 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| THOMAS H. FLUHARTY, Trustee for the | ) | |
| Bankruptcy Estate of Golden Investment | ) | |
| Acquisitions, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 09-00036 |
| | ) | |
| CRAIG GOLDEN, CHARLES E. GRATZ, | ) | |
| TRUDY GRATZ, FAYETTE | ) | |
| INVESTMENT ACQUISITION, LLC., | ) | |
| LAKESIDE MARINA, LLC., RICHARD | ) | |
| W. POWELL, SPENCER W. GRAHAM, | ) | |
| MICHAELS AUTOMOTIVE SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL PAVLOCK, | ) | |
| | ) | |
| Defendant/ Third-party Plaintiff | ) | |
| v. | ) | |
| | ) | |

| | |
|---|---|
| SHAWNA L. POWELL and | ) |
| EARNEST C. JENKINS, | ) |
| | ) |
| Third-party Defendants, | ) |
| _____ | ) |

## MEMORANDUM OPINION

Pending before this court is a Motion to Dismiss ("Motion") filed by Richard W. Powell, Sr., Lakeside Marina, LLC, Richard W. Powell, Jr., and Julie G. Powell (collectively, the "Movants"). The Movants assert that the court must dismiss the crossclaims asserted by Michael Pavlock ("Mr. Pavlock") because this court does not have subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The Movants also seek dismissal of the crossclaims because Mr. Pavlock allegedly failed to follow the proper procedure under Fed. R. Bankr. P. 7014(a) to amend his third-party complaint and failed to file crossclaims in a timely fashion.[1] Mr. Pavlock claims that the Movants, in particular Richard Powell, Jr., participated in a scheme to commit fraud and other state-law wrongs against Mr. Pavlock and argues that the court possesses jurisdiction to hear the crossclaims under 28 U.S.C. §§ 157, 1334, 1367(a). For the reasons stated herein, the court will grant the Movants' Motion.

## I. BACKGROUND

On March 31, 2009, Thomas Fluharty (the "Trustee"), the Chapter 7 Trustee appointed to administer the bankruptcy estate of Golden Investment Acquisitions, LLC (the "Estate"), commenced this adversary proceeding seeking the turnover of certain property under 11 U.S.C. § 542. In his complaint, the Trustee demands that Defendants Charles and Trudy Gratz and Fayette Investments Acquisitions, LLC ("Fayette"), turn over two vehicles that are property of the Estate but are allegedly in the Gratzs' possession. The Trustee also demands that Richard Powell, Jr., and Lakeside Marina, LLC ("Lakeside"), turn over funds in the amount of $1,028,000.00, which represent the amount due to the Trustee for the sale of real and personal property to Fayette. Lastly, the Trustee demands the turnover of $175,000.00, representing the value of a contract from Defendants Mr. Pavlock, Michaels Automotive Services, Inc., and Spencer W. Graham, II ("Spencer

---

[1] While the Movants raise the untimeliness of Mr. Pavlock's filing of an amended complaint, the court will not substantively address the matter because it is not necessary to do so given the court's disposition of the Motion based on lack of subject-matter jurisdiction.

2

Graham"), on the basis that they improperly diverted funds from the Debtor. On May 27, 2009, Attorney Jennifer McGinley, on behalf of Fayette, Lakeside, Richard Powell, Jr., Spencer Graham, Mr. Pavlock and Michaels Automotive Services, Inc. filed an Answer to the Trustee's Complaint and asserted crossclaims against Craig Golden, the Gratzs and their attorney, James Marchewka, and a counterclaim against the Trustee. Attorney McGinley withdrew from the case on June 28, 2011.

On September 26, 2012, Mr. Pavlock, acting *pro se*, filed an amended pleading alleging, among other things, various crossclaims against the Movants.[2] In Counts I through III of his amended pleading, Mr. Pavlock alleges, among other things, that Mr. Powell, Jr., acted inconsistent with terms of at least one contract by which he was to manage real and personal property belonging to other individuals, including Mr. Pavlock. Notably, Counts I through III contain no allegations implicating the Debtor in any way, and the alleged contracts and actions of Richard Powell, Jr., set forth in those counts all occurred at various times post-2009, after the Debtor's bankruptcy case converted from one under Chapter 11 to one under Chapter 7. In Count IV, Mr. Pavlock again alleges that Richard Powell, Jr., violated terms of various contracts and his duties as managing member of Lakeside; specifically, that he breached his fiduciary duty to various individuals, including Mr. Pavlock, by failing to manage and account for various personal property entrusted to his care as Lakeside's managing member. Again, Count IV is devoid of any implication involving the Debtor, and the recovery sought by Mr. Pavlock is for himself only. In Count V, Mr. Pavlock alleges that Richard Powell, Jr., and Julie Powell obtained money from several individuals, including Mr. Pavlock, under false pretenses. Again, these allegations involve Richard Powell, Jr.'s alleged conduct as the managing member of Lakeside, particularly from June 2009 to April 2011, and in no way implicates the Debtor or indicates how Mr. Pavlock's recovery will have any impact on the Estate. Count VI contains allegations that Richard Powell, Jr., made false entries on Lakeside's

---

[2] Pleadings which have been filed by *pro se* litigants must be construed liberally and held to a less stringent standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). It is a court's obligation to ensure that the claims of a pro se litigant are given a "fair and meaningful consideration." *Palmer v. Decatur*, 814 F.2d 426, 428-29 (7th Cir.1987) (internal quotation omitted). The court is aware of Mr. Pavlock's *pro se* status, and the court has given this motion to dismiss fair and meaningful consideration.

corporate books with an intent to harm, defraud, deceive, or injure individuals, including Mr. Pavlock. Count VI lacks of any allegation implicating the Debtor or indicating in what manner this action would impact the Estate. Likewise, Counts VII through X, XII and XIV contain allegations of fraud against Richard Powell, Jr., Richard Powell, Sr., and Julie Powell. The alleged conduct stems from a May 20, 2009 agreement between several individuals, including Mr. Pavlock, but relates only to Lakeside and not the Debtor. The allegations do not establish any connection to nor any impact on the Estate. In Count XI, Mr. Pavlock alleges that in 2009 and 2010, Richard Powell, Jr., purchased certain property on behalf of Mr. Pavlock and others, and subsequently fraudulently conveyed such property beyond their reach; but fail to show an affect on the Estate. Counts XIII, XV, and XVI allege personal injury to Mr. Pavlock and his business interests, and emanate from tort law and demonstrate no impact upon the Debtor's Estate. In all of his allegations, Mr. Pavlock seeks relief for injuries to his pecuniary and business interests, which are personal to him.

## II. DISCUSSION

The Movants seeks dismissal of Mr. Pavlock's claims against them because they allege that the court does not have subject-matter jurisdiction over Mr. Pavlock's crossclaims. The court agrees; it does not have jurisdiction over Mr. Pavlock's claims pursuant to 28 U.S.C. § 1334(b). Under that statute, the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). For nearly three decades, a standing order of reference issued by the district court for this district, last amended on April 2, 2013, has referred such proceedings to this court pursuant to 28 U.S.C. § 157(a). Importantly, the "jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995).

A proceeding "arises under" title 11 where either bankruptcy law creates the relief sought or the right to relief necessarily depends on resolution of a substantial question of bankruptcy law. *Poplar Run Five Ltd. P'ship v. Virginia Elec. & Power Co.* (*In re Poplar Run Five Ltd. P'ship*), 192 B.R. 848, 855 (Bankr.E.D.Va.1995) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)); accord *Dwyer v. First Nat'l Bank (In re O'Brien)*, 2009 U.S. Dist. LEXIS 42835 at *10, 2009 WL 1394239 at *3 (S.D.W.Va. May 19, 2009) ("[A] proceeding [arises under title 11 or arises in the bankruptcy case] ... if it invokes a

4

substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."). Claims that "arise in" bankruptcy are "claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." *Stoe v. Flaherty*, 436 F.3d 209, 218 (3d Cir. 2006). Such claims include "things such as administrative matters, orders to turn over property of the estate and determinations of the validity, extent or priority of liens." 1 Collier on Bankruptcy ¶ 3.01[4][c][iv] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). "It is not sufficient to establish 'arising in' jurisdiction for a claim that arises during the pendency of a bankruptcy." *Valley Historic Ltd. P'ship v. Bank of NY*, 486 F.3d 831, 836 (4th Cir. 2007).

Claims are "related to" a bankruptcy case when "the outcome . . . could conceivably have any effect on the estate . . . [and] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) . . ." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); *See also New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 151(4th Cir. 2000)("This court has adopted the *Pacor* 'related to' test . . ."). "[T]he *Pacor* test does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate." *Owens–Illinois, Inc. v. Rapid Am. Corp.* (*In re Celotex Corp.*), 124 F.3d 619, 626 (4th Cir. 1997); *See also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995)("[Whatever ['related to'] test is used, these cases make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor."). "Moreover, the cause of action is not 'related to' the debtor's bankruptcy case because win, lose or draw, there would be no effect on the bankruptcy estate." *Johnston v. Valley Credit Servs.* (*In re Johnston*), Case No. 05-6288, 2007 Bankr. LEXIS 1174 at *17-19 (Bankr. N.D.W.Va. Apr. 12, 2007). "The 'related to' category is not so broad as to encompass litigation of claims arising under state law or non-bankruptcy federal law that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy." *Henneghan v. Columbia Gas* (*In re Henneghan*), Case No. 05-122, 2005 Bankr. LEXIS 1770 at *11 (Bankr. E.D.Va. June 22, 2005) (internal citations omitted). Moreover, where the court does not have an independent basis to assert jurisdiction under 28 U.S.C. § 1334, the court lacks the authority to exercise supplemental jurisdiction under § 1367(a). *Johnston*, 2007 Bankr. LEXIS 1174 at *21-28.

5

Regarding his crossclaims, Mr. Pavlock does not seek relief under any part of the Bankruptcy Code, nor is any provision of the Code applicable to Mr. Pavlock's claims to confer "arising under" jurisdiction. Likewise, Mr. Pavlock's claims do not "arise in" the Bankruptcy Code because they do not have an impact on the administration of the Estate, including the avoidance powers of the Trustee and the disposition of property of the Estate. Finally, the court cannot exercise "related to" jurisdiction over his claims because they do not have a conceivable effect on the Estate. In his complaint, all of Mr. Pavlock's crossclaims against Mr. Powell, Jr. and third-party claims against Julie Powell and Richard Powell, Sr. stem from their affiliation with non-debtor entities. Mr. Pavlock does not allege facts that would remotely suggest that the Movants' alleged conduct injured or impacted the Estate. Rather, Mr. Pavlock alleges damage solely to his individual pecuniary and business interests. It is apparent from Mr. Pavlock's prayer for relief that his claims will not provide any recovery or benefit to the Estate. Similarly, a recovery on Mr. Pavlock's claims would be paid directly by the Movants without any impact on the Estate because neither Mr. Pavlock nor the Movants are creditors of the Estate. Thus, Mr. Pavlock's causes of action are not "related to" the Debtor's bankruptcy case within the meaning of title 11 because his claims will have no effect on the Estate.[3] While Mr. Pavlock argues that the court should hear his claims pursuant to § 1367(a), the court is without authority to exercise supplemental jurisdiction. *See Johnston*, 2007 Bankr. LEXIS 1174 at *21-28.

## IV. CONCLUSION

Consistent with this Memorandum Opinion, the court will enter a separate order pursuant to Fed. R. Bankr. P. 7058 granting the Movants' Motion to Dismiss.

---

[3] To be clear, the court is dismissing Mr. Pavlock's claims based only on its lack of subject-matter jurisdiction; it makes no finding regarding the merits of his claims and whether, and in what non-bankruptcy forum, they may be brought.