
Patrick M. Flatley
United States Bankruptcy Judge

**Dated: Monday, March 31, 2014 1:30:21 PM**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GOLDEN INVESTMENT ) | |
| ACQUISITIONS, LLC., ) | |
| ) | Case No. 07-bk-00746 |
| Debtor. ) | |
| ) | Chapter 7 |
| _____ ) | |
| ) | |
| THOMAS H. FLUHARTY, Trustee for the ) | |
| Bankruptcy Estate of Golden Investment ) | |
| Acquisitions, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Adv. Proc. No. 09-00036 |
| CRAIG GOLDEN, CHARLES E. GRATZ, ) | |
| TRUDY GRATZ, FAYETTE ) | |
| INVESTMENT ACQUISITION, LLC., ) | |
| LAKESIDE MARINA, LLC., RICHARD ) | |
| W. POWELL, SPENCER W. GRAHAM, ) | |
| MICHAELS AUTOMOTIVE SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendants ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL PAVLOCK, ) | |
| ) | |
| Defendant/ Third-party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |

|  |  |
|---|---|
| SHAWNA L. POWELL and | ) |
| EARNEST C. JENKINS, | ) |
|  | ) |
| Third-party Defendants, | ) |

## MEMORANDUM OPINION

Pending before this court is a Motion to Dismiss filed by Earnest C. Jenkins (Mr. Jenkins").[1] Mr. Jenkins does not set forth any legal basis for his contentions. Mr. Jenkins seeks to dismiss Michael Pavlock's ("Mr. Pavlock") claims against him based upon his lack of involvement in and knowledge of the facts underlying Mr. Pavlock's claims. Mr. Pavlock claims that Mr. Jenkins was well aware of, and participated in, a scheme at the direction of Richard Powell, Jr., to commit fraud and other state-law wrongs against him and to defraud the Chapter 7 estate of Golden Investment Acquisitions, Inc. ("Estate") . For the reasons stated herein, the court will grant Mr. Jenkins's Motion.

### I. BACKGROUND

On March 31, 2009, Thomas Fluharty (the "Trustee"), the Chapter 7 Trustee appointed to administer the Estate, commenced this adversary proceeding seeking the turnover of certain property under 11 U.S.C. § 542. In his complaint, the Trustee demands that Defendants Charles and Trudy Gratz and Fayette Investments Acquisitions, LLC ("Fayette"), turn over two vehicles that are property of the Estate but are allegedly in the Gratzs' possession. The Trustee also demands that Richard Powell, Jr. and Lakeside Marina, LLC ("Lakeside"), turn over funds in the amount of $1,028,000.00, which represent the amount due to the Trustee for the sale of real and personal property to Fayette. Lastly, the Trustee demands the turnover of $175,000.00, representing the value

---

[1] At all times in this adversary proceeding, Mr. Jenkins has appeared *pro se.* While *pro se* pleadings are viewed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court is not required to develop the evidence on behalf of a *pro se* party at trial, to make substantive legal claims on behalf of a *pro se* party, or to otherwise actively aid a *pro se* party in trying a case.). It is a court's obligation to ensure that the claims of a pro se litigant are given a "fair and meaningful consideration." *Palmer v. Decatur*, 814 F.2d 426, 428-29 (7th Cir.1987) (internal quotation omitted). The court is aware that the parties are *pro se* litigants, and the court has given this motion to dismiss fair and meaningful consideration.

of a contract from Defendants Mr. Pavlock, Michaels Automotive Services, Inc., and Spencer W. Graham, II ("Spencer Graham"), on the basis that they improperly diverted funds from the Debtor. On May 27, 2009, Attorney Jennifer McGinley, on behalf of Fayette, Lakeside, Richard Powell, Jr., Spencer Graham, Mr. Pavlock and Michaels Automotive Services, Inc. filed an Answer to the Trustee's Complaint and asserted crossclaims against Craig Golden, the Gratzs and their attorney, James Marchewka, and a counterclaim against the Trustee. Attorney McGinley withdrew from the case on June 28, 2011. On September 26, 2012, Mr. Pavlock, acting *pro se,* filed an amended pleading alleging, among other things, third-party claims against Mr. Jenkins. Notably, in Counts XII and XV, Mr. Pavlock alleges various types of fraud against Mr. Jenkins, which stem from a May 20, 2009 agreement between several individuals, including Mr. Pavlock, but do not relate to the Debtor. The allegations do not establish any connection to or have any impact on the Estate. In Count XI, Mr. Pavlock alleges that in 2009 and 2010, Mr. Jenkins was the recipient of fraudulently conveyed property, which injured Mr. Pavlock and others. Counts XIII, XV, and XVI allege personal injury to Mr. Pavlock and his business interests, and emanate from tort law, and likewise, fail to show any impact upon or relation to the Estate. In all of the above counts, Mr. Pavlock seeks relief for injuries to his pecuniary and business interests which are personal to him.

## II. DISCUSSION

Here, Mr. Jenkins seeks dismissal of Mr. Pavlock's claims against him because he lacked knowledge of and involvement in the facts underlying Mr. Pavlock's claims. Notably, Mr. Jenkins, acting *pro se*, does not set forth any legal basis that establishes his right to relief. Nonetheless, the court will dismiss counts XI, XII, XIII, XIV, XV, XVI against Mr. Jenkins on the based upon a lack of subject-matter jurisdiction. The court additionally considered adjudicating the Motion to Dismiss pursuant to Fed. R. Civ. P. ("Rule") 14, however the court has determined that it is not dispositive.[2]

---

[2] Rule 14 which articulates third-party practice, specifies that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." *See* Fed. R. Civ. P. 14(a)(1). The Trustee's complaint combines three separate turnover actions against various defendants. The Trustee, in his claim against Mr. Pavlock, seeks the narrow and limited relief of the turnover of assets in the amount of $175,000.00 pursuant to 11 U.S.C. § 542. The Trustee alleges that Defendants Mr. Pavlock and Spencer Graham diverted funds from the Debtor to Fayette, without proper authorization from the Debtor. Although not serving as a dispositive ground given the lack of subject-matter

Although the parties have failed to raise the issue of subject-matter jurisdiction, the court must ensure that federal jurisdiction is proper. "If there is a question as to whether such jurisdiction exists, [the court] must 'raise lack of subject-matter jurisdiction upon its own motion.'" *Hasley v. Farmer,* 2012 WL 2153167 at *2 (N.D.W.Va. June 13, 2012)(internal citations omitted). Importantly, subject-matter jurisdiction cannot be forfeited or waived, and can be raised at any time prior to final judgment. *In re Kirkland,* 600 F. 3d 310, 315 (4th Cir. 2010)(citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Mr. Pavlock, acting in his individual capacity, asserts his state-law claims in his third-party complaint against Mr. Jenkins. This claims do not arise in or under the Bankruptcy Code, and are not related to a case under title 11. The court, therefore, lacks subject-matter jurisdiction to hear Mr. Pavlock's claims.

District courts have original and exclusive jurisdiction of all cases under title 11 and original, but non-exclusive jurisdiction of all civil proceedings arising under, arising in, or related to a case under title 11. *See* 28 U.S.C. § 1334. For nearly three decades, a standing order of reference issued by the district court for this district, last amended on April 2, 2013, has referred such proceedings to this court pursuant to 28 U.S.C. § 157(a). Importantly, the "jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995).

Claims "arise under" title 11 if they "clearly invoke substantive rights created by bankruptcy law." *Glinka v. Federal Plastics Mfg., Ltd.* (*In re Housecraft Indus. USA, Inc.*), 310 F.3d 64, 70 (2d Cir. 2002). The court's determination of whether a matter arises in or under title 11 is not limited to whether the cause of action is based on state law but include the consideration of many factors. 28 U.S.C. § 157(b)(3); *In re Arnold Print Works, Inc.*, 815 F.2d 165, 169 (1st Cir. 1987). Claims that "arise in" bankruptcy are "claims that by their nature, not their particular factual circumstance,

---

jurisdiction, the court observes that Mr. Pavlock fails to meet the requirements under Rule 14 because he does not allege that Mr. Jenkins is liable to him for all or part of the $175,000.00. The third-party defendant's liability "must be derivative and must flow to the third-party plaintiff; mere liability by the third-party defendant to the plaintiff (as opposed to the third-party plaintiff) will not suffice." *Farm Credit Servs. Of Mid America PCA v. Swain* (*In re Swain*), Case No. 09-62957, 2010 WL 2812727 (Bankr. N.D.Ohio July 15, 2010)(citing *Ukasick v. Street* (*In re Street)*, 283 B.R. 775, 780 (Bankr. D. Ariz. 2002).

4

could only arise in the context of a bankruptcy case." *Stoe v. Flaherty*, 436 F.3d 209, 218 (3d Cir. 2006). Such claims include "things such as administrative matters, orders to turn over property of the estate and determinations of the validity, extent or priority of liens." 1 Collier on Bankruptcy ¶ 3.01[4][c][iv] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

Claims are "related to" a bankruptcy case when "the outcome . . . could conceivably have any effect on the estate . . . [and] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) . . ." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); *See also New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 151(4th Cir. 2000)("This court has adopted the *Pacor* 'related to' test . . ."). "[T]he *Pacor* test does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate." *Owens–Illinois, Inc. v. Rapid Am. Corp.* (*In re Celotex Corp.*), 124 F.3d 619, 626 (4th Cir. 1997); *See also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995)("[Whatever ['related to'] test is used, these cases make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor."). "Moreover, the cause of action is not 'related to' the debtor's bankruptcy case because win, lose or draw, there would be no effect on the bankruptcy estate." *Johnston v. Valley Credit Servs.* (*In re Johnston*), Case No. 05-6288, 2008 Bankr. LEXIS 1174 at *17-19 (Bankr. N.D.W.Va. Apr. 12, 2007). "The 'related to' category is not so broad as to encompass litigation of claims arising under state law or non-bankruptcy federal law that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy." *Henneghan v. Columbia Gas* (*In re Henneghan*), Case. No. 05-122, 2005 Bankr. LEXIS 1770 at *11 (Bankr. E.D.Va. June 22, 2005)(internal citations omitted).

Here, Mr. Pavlock's third-party complaint against Mr. Jenkins does not "arise in" title 11 because his claims are not based on rights grounded in bankruptcy law. Nor can the court exercise subject-matter jurisdiction over the claims under "related to" jurisdiction because they do not have an impact on the Estate. In his complaint, Mr. Pavlock alleges that Attorney McGinley, on behalf of Wayne Miller, transferred funds to Richard. Powell, Jr, for the purchase of a parcel located at 475 North Gallatin Avenue, Uniontown, Pennsylvania that was "for the mutual benefit of [Mr. Pavlock] and Mr. Miller." Mr. Pavlock indicates that Mr. Powell, Jr. allegedly sold the property to Mr.

Jenkins "for minimal consideration . . . for the purpose of hindering Mr.[Wayne] Miller and [Mr. Pavlock] of rightful ownership." Mr. Pavlock does not allege facts that indicate the Estate is injured or impacted by the sale of property by Richard. Powell, Jr. to Mr. Jenkins. Rather, Mr. Pavlock's claims against Mr. Jenkins allege damage to his individual pecuniary and business interests. It is apparent from Mr. Pavlock's prayer for relief that his claims will not provide any recovery or benefit to the Estate. Similarly, a recovery on Mr. Pavlock's claims would be paid directly by Mr. Jenkins without any impact on the Estate because neither Mr. Pavlock nor Mr. Jenkins is a creditor of the Estate. Mr. Pavlock's causes of action are thus not "related to" the Debtor's bankruptcy case within the meaning of title 11 because his claims will have no effect on the Estate.[3]

## IV. CONCLUSION

Consistent with this Memorandum Opinion, the court will enter a separate order pursuant to Fed. R. Bankr. P. 7058 granting Earnest C. Jenkins's Motion to Dismiss.

---

[3] To be clear, the court is dismissing Mr. Pavlock's claims based only on its lack of subject-matter jurisdiction; it makes no finding regarding the merits of his claims and whether, and in what non-bankruptcy forum, they may be brought.